NOT FOR PUBLICATION                                          (Docket Entries 6, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
MARLA W. HUNTER,                    :
                                    :
                 Plaintiff,         :    Civil No. 06-5908 (RBK)
                                    :
         v.                         :    **OPINION**
                                    :
PETER D. KEISLER, Acting Attorney   :
General, Department of Justice,[1]  :
                                    :
                 Defendant.         :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Peter D. Keisler of the Department of Justice ("Defendant") for summary judgment. Plaintiff Marla Hunter ("Plaintiff") opposes this motion. Because the Court finds that Plaintiff's complaint of discrimination has been heard on the merits by the agency and any appeal of that determination is time-barred, Defendants' motion is granted.

**I.    BACKGROUND**

The somewhat involved procedural history of Plaintiff's claim is relevant to the result in this case, so the Court will set forth this history in detail. Plaintiff is an African-American woman who was employed at the Federal Correctional Institution at Fairton. Plaintiff first

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Acting Attorney General Peter D. Keisler is substituted for former Attorney General Alberto Gonzalez.

worked as a secretary and then in an eleven-month detail as a Maintenance Worker Supervisor before being reassigned to a secretarial position again.  The detail in Maintenance was from August 1998 until July 1999.

On May 5, 1999, Plaintiff met with an Equal Employment Opportunity ("EEO") counselor and alleged that her supervisors and co-workers discriminated against her and subjected her to  pranks, poor job assignments, harassing telephone calls, and destruction to her vehicle. She also alleged discrimination in her removal from the Maintenance Worker Supervisor detail and reassignment to secretarial duties.  When the issue could not be resolved through informal counseling, Plaintiff was given a "Notice of Right to File a Discrimination Complaint" with the employing agency, the Bureau of Prisons ("BOP") in the Department of Justice ("DOJ").  (Def.'s Ex. 1.)  This complaint was filed on January 28, 2000, and Plaintiff amended her complaint on May 8 of that year to add in claims regarding two Maintenance Worker Supervisor positions for which she applied and was not selected.  (Def.'s Ex. 2.)  The BOP investigated the complaint, and Plaintiff requested a hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge ("AJ").  (Def.'s Ex. 3.)  Before the hearing, however, the BOP moved to dismiss Plaintiff's complaint as time-barred, arguing that too much time had elapsed between the allegedly discriminatory conduct and the filing of the complaint.  (Def.'s Ex. 5.)  The AJ agreed and dismissed Plaintiff's complaint on November 15, 2002.  (Def.'s Ex. 6.)

However, the Complaint Adjudication Office at DOJ (hereinafter referred to as "the Agency") chose not to implement the AJ's dismissal of the case.  On December 27, 2002, the Agency issued a Final Order and a Memorandum explaining its decision that the BOP failed to carry its burden of proving that the complaint was untimely filed.  (Def.'s Ex. 7 )  The

Memorandum also states in a footnote:

> Complainant has indicated in writing to this office that she is withdrawing her request for a hearing before an Administrative Judge and requesting a Department of Justice final agency decision. Based on this request, this office will issue a Final Agency Decision based on the Record of Investigation.

Id.  Accompanying this Final Order and Memorandum was also a letter sent to Plaintiff.  This letter advised, "Based on your statement that you no longer wish to have a hearing, the Complaint Adjudication Office will proceed to issue a Final Agency Decision based on the information in a Record of Investigation."  (Def.'s Ex. 8.)  The Agency also filed a Notice of Appeal, preventing the AJ's dismissal of the case from becoming binding.  See 29 C.F.R. § 1614.110(a) (instructing agency to file an appeal if a final order does not fully implement the decision of the AJ); 29 C.F.R. § 1614.109(i) ("If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110, then the decision of the administrative judge shall become the final decision of the agency.").  The letter to Plaintiff specifically indicated that the appeal was "contesting the Administrative Judge's decision to dismiss your complaint for failure to file a timely complaint."  (Def.'s Ex. 8.)

On February 27, 2003, the Agency issued a Final Agency Decision, finding insufficient evidence of discrimination in Plaintiff's removal from her detail position and in her non-selection for the open Maintenance Worker Supervisor positions.  (Def.'s Ex. 9).  Plaintiff did not appeal this decision.

Meanwhile, the earlier appeal of the AJ's dismissal order was still winding its way through the administrative process.  Over a year later, on March 31, 2004, the EEOC affirmed the DOJ's rejection of the AJ's dismissal order and remanded the case for a hearing by an AJ.  (Def.'s Ex. 11.)  After another year passed, the assigned AJ  issued a scheduling order on June 3,

2005.  (Def.'s Ex. 12.)  At this point, the Agency moved to put a halt to this set of administrative proceedings, claiming the case had been mooted by the issuance of the Final Agency Decision in 2003 on the merits of Plaintiff's complaint.  (Def.'s Ex. 13.)  Plaintiff objected and sought to continue the administrative proceedings with a hearing on the merits (Pl.'s Ex. B), but the AJ agreed that the case should be dismissed because Plaintiff had withdrawn her request for a hearing and a Final Agency Decision had already been issued (Def.'s Ex. 15).  On September 28, 2005, the Agency affirmed the AJ's decision (Def.'s Ex. 16), and the EEOC dismissed Plaintiff's appeal (Def.'s Ex. 17, July 21, 2006) and denied her motion for reconsideration (Def.'s Ex. 18, Sept. 7, 2006).  Plaintiff filed this action on December 11, 2006, and Defendant moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies on May 24, 2007.[2]

## II.   STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by

---

[2]The Court notes that it received a request from Plaintiff's counsel for leave to file a sur-reply brief and other letters from both parties on this issue.  The parties have had ample opportunity to develop their arguments, and Plaintiff's motion for still more briefing is denied.

either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In a Title VII case, a plaintiff is required to exhaust all administrative remedies before filing suit for judicial relief. Robinson v. Dalton, 107 F.3d 1018 (3d Cir. 1997). A plaintiff also must follow the time lines established by the statue and implementing regulations, including the requirement that a suit for judicial relief must be filed within ninety days of the final administrative action taken by the agency. 42 U.S.C. § 2000e-16(c). The ninety-day filing period serves as a statute of limitations and is strictly construed. Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).[3]

### III.   DISCUSSION

#### A.   The Final Agency Decision

Defendant argues that judgment as a matter of law is appropriate because Plaintiff failed

---

[3] Defendant originally moved for summary judgment on either the statute of limitations issue or in the alternative on the merits of the case. In a letter dated June 11, 2007, Defendant withdrew the argument on the merits without prejudice. Because of the Court's disposition on the motion regarding the statute of limitations, further consideration of the merits is unnecessary.

to timely file her claim.  The key to Defendant's argument is the contention that the Final Agency Decision handed down on February 27, 2003 was in fact the final action by the Agency, after which Plaintiff needed to either (1) appeal to the EEOC within thirty days or (2)  file a claim in district court within ninety days, or else lose her ability to seek further review of the decision.  Plaintiff undisputedly did nothing.

Plaintiff argues that the Final Agency Decision should not be given effect because it was issued without jurisdictional authority.  Plaintiff's argument is based on the appeal of the AJ's initial dismissal decision filed by the Agency, and Plaintiff argues that because that appeal had been filed, the case was no longer properly before the agency at all.  She argues, "The issuance of the agency's final decision, dated February 27, 2003, was a nullity, in that the decision concerned plaintiff's discrimination complaint which was not before the agency at that time, but rather before the EEOC."  (Pl's Opp'n 5.)   Plaintiff cites no authority for this proposition.

The regulations governing the Agency's proceedings provide:

> When administrative judge has issued a decision...the agency shall take final action on the complaint by issuing a final order...If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal...

29 C.F.R. § 1614.110(a).  The Final Order was issued in this case on December 27, 2002.  Because the Final Order did not implement the AJ's decision to dismiss Plaintiff's claim, the Agency simultaneously filed an appeal to the EEOC, which it included with the Final Order.  Had the Agency not filed this appeal and order, the decision of the AJ dismissing the case would have become the final action of the Agency.  29 C.F.R. § 1614.109(i) ("If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110, then the decision of the administrative judge shall become the final decision of

the agency.").

Significantly, the Agency also informed Plaintiff that because she had withdrawn her previous request for a hearing, it was going to proceed to a decision on the merits of her claims. The letter accompanying the Final Order said, "Based on your statement that you no longer wish to have a hearing, the Complaint Adjudication Office will proceed to issue a Final Agency Decision. . . ." Although Plaintiff appears to have argued in the administrative proceedings that this withdrawal of her request for a hearing was in some way coerced or otherwise the result of agency misconduct, she does not make that argument here, and the Court considers Plaintiff's withdrawal of her hearing request to have been knowing and voluntary. Because Plaintiff withdrew her request for a hearing, she effectively requested an "immediate final decision" requiring the Agency to issue a final decision with findings on the merits of each issue in the complaint. 29 C.F.R. § 1614.110(b).

Therefore, the subsequent Final Agency Decision, issued on the merits of Plaintiff's complaint on February 27, 2003, was issued within the jurisdictional authority of the Agency. The only aspect of the Plaintiff's case that had been appealed to the EEOC in the December 2002 appeal was the AJ's procedural dismissal of the case, which the Final Agency Decision did not consider. The practical effect of not implementing the AJ's dismissal was to enable the Agency to reach a decision on the merits–which is what the Agency then did. Rather than waiting until the EEOC evaluated the Agency's decision to not dismiss the case, the Agency acted on Plaintiff's request for an immediate final decision and moved on to the merits of Plaintiff's claim. Had the AJ partially dismissed the complaint but allowed other claims to remain, the Agency would similarly have continued to a decision on the merits of the rest of the complaint, and this too would have been considered final agency action. See Federal Sector Equal

Employment Opportunity, Final Rule, 64 Fed. Reg. 37,644, 37,647 (July 12, 1999), 29 C.F.R. § 1614.107(b).[4] The Agency determined that the AJ had wrongfully prevented Plaintiff from seeking a determination on the merits of her complaint, and it did not err in providing exactly that.

Moreover, if Plaintiff believed there to be a problem with the jurisdiction of the Agency, she should have raised it in 2003. Instead, Plaintiff took no action until July 2005. The Final Agency Decision was final on its face and gave adequate notice to Plaintiff that she needed to act to protect her rights. The Agency informed Plaintiff that it was going to make a determination on the merits of her claim in its December 2002 letter. The Agency, in the letter accompanying the Final Agency Decision, also informed Plaintiff of her right to appeal the final decision, either to the EEOC or through a civil action in district court. Plaintiff had ample notice that the February 2003 decision was the final action of the Agency, from which she needed to appeal within the time limits or else lose her right to do so.

### B. Equitable Tolling

Because the February 27, 2003 Final Agency Decision was a final agency action, Plaintiff needed to file a suit for judicial relief within ninety days. Plaintiff did not file this civil action until December 11, 2006. Although the Plaintiff obviously filed out of time, the ninety-day filing

---

[4]As part of the revision of the regulations in 1999, changes were made to the previous practice of allowing interlocutory appeals from partial dismissals. The EEOC, in discussing the final rule, explained, "The administrative judge's decision on the partial dismissal will become part of the decision on the complaint. Where a complainant requests a final decision from the agency without a hearing, *the agency will issue a decision* addressing all claims in the complaint, including its rationale for dismissing claims, if any, and its findings on the merits of the remainder of the complaint. The complainant may appeal the agency's final action, including any partial dismissals, to the EEOC. If the Office of Federal Operations finds that a dismissal was improper, it will give the complainant the choice between a hearing and an agency final decision on the claim" (emphasis added).

requirement is a statute of limitations and is not jurisdictional, and therefore is subject to equitable tolling principles.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  The Court must therefore evaluate whether equitable tolling can apply to preserve Plaintiff's claim.

Equitable tolling is appropriate in Title VII cases where "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum."  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (internal citations omitted).  District courts are to apply equitable tolling sparingly.  Id. at 237.

Plaintiff seems to argue that because she believed that her case was on appeal, the applicable time limits to take action on the February 27, 2003 Final Agency Decision should be tolled.  However, as explained above, the Final Agency Decision was final on its face and explained Plaintiff's rights of appeal to her, putting Plaintiff on notice that an appeal needed to be made or else waived.  Nothing in the record indicates the Plaintiff took any action in the nearly thirty months between February 2003 and July 2005–there is no record of her attempting to contact the Agency or the EEOC.  There is no record that she in any way diligently pursued her claim.  See Robinson, 107 F.3d at 1023 ("Running throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim.").  The appeal on which Plaintiff attempts to rely was of the AJ's November 15, 2002 dismissal decision, and Plaintiff was notified of this appeal by the Agency in December 2002 (Def.'s Ex. 7, 8) and by the EEOC in January 2003 (Pl.'s Ex. A).  The Final Agency Decision was issued in February 2003.  The December 2002 appeal could not have been reasonably expected to cover the February 2003 decision.  Cf. Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 246-47 (3d Cir. 1999) (finding the statute of limitations for filing a civil action is tolled where the employee has been waiting for

a ruling on her timely motion for reconsideration). Plaintiff's alleged perception that the appeal of dismissal was still pending does not constitute an "extraordinary circumstance" justifying equitable tolling of the limitations period for any review of the decision on the merits. See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 592 (3d Cir. 2005).

IV. CONCLUSION

The conduct that gave rise to this complaint occurred at least seven years ago. A decision on the merits of Plaintiff's complaint was issued nearly five years ago. The Agency may have acted sloppily by not effectively communicating with the EEOC; however, allowing the initial procedural appeal did not affect the legitimacy of the Final Agency Decision issued on the merits. That decision was not timely appealed or otherwise contested, and as explained above, equitable tolling is not appropriate. Plaintiff does not get a second chance to prevail on the merits. Defendant's motion for summary judgment is granted. An accompanying order shall issue today.


Dated:  10/26/2007                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge